# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JON CHESNIK,                  )
                                  )

    Petitioner,           )
                                  )

    v.                    )      C.A. No. N23M-07-120
                                  )

BPO SOLUTIONS GROUP     )
    CORPORATION,        )
                                  )

    Respondent.       )

Submitted: October 5, 2023
Decided:  November 8, 2023

On BPO Solutions Group Corporation's Motion for Reconsideration of Order
Granting in Part Petitioners' Motion to Compel Compliance with Out-Of-State
Subpoena to Produce Documents
**DENIED**

## <u>ORDER</u>

Emily L. Skaug, Esquire; Thad J. Bracegirdle, Esquire, Attorneys for Petitioner
    Bayard, P.A., Wilmington, Delaware

Sean A. Meluney, Esquire, Attorney for Respondent
    Meluney, Alleman & Spence, LLC, Lewes, Delaware

**JOHNSTON, J.**

1. By Order dated September 12, 2023, Commissioner O'Connor granted in part Petitioner's Motion to Compel Compliance with Out of State Subpoena to Produce Documents. The Commissioner required Respondent to produce:

> IT IS HEREBY ORDERED, pursuant to Superior Court Civil Rule 132(a)(3)(i), and for the reasons stated by the Court in its bench ruling on August 25, 2023, that the Motion is GRANTED as follows:
>
> Subject to Paragraph 4 below, no later than September 22, 2023, Respondent shall produce to Petitioner the following documents responsive to category (i) on Exhibit "A" to Petitioner's Subpoena Duces Tecum to Respondent: Respondent's tax returns, Schedule K-1s, paystubs, and bank statements for the years 2017 through 2022, to the extent such documents exist (the "Compelled Documents").

The Commissioner declined to compel production of check registers, check stubs, or cancelled checks. All production is subject to a protective order.[1]

2. Respondent moved for reconsideration of the September 12, 2023 Order. Respondent argues that the documents are irrelevant to the underlying books and records action pending in Wyoming. Respondent should not be compelled to produce "highly confidential" commercial information and financial records. Respondent alleges that Petitioner is seeking the records for the improper purpose of pre-suit discovery against Respondent, who is a non-party in the Wyoming case.

---

[1] Transcript of Hearing before Commissioner Martin O'Connor, August 25, 2023.

The Wyoming action is narrow and summary. A motion to dismiss is pending in Wyoming.

3. Petitioner contends that the compelled discovery is relevant. Respondent is not a party in the Wyoming case. However, Petitioner alleged in the Wyoming action that Respondent was created to facilitate the wrongdoing for which Petitioner seeks to investigate the books and records. Additionally, Petitioner alleged that Respondent received funds diverted from the Defendant in the Wyoming action.

4. Pursuant to Superior Court Civil Rule 132(a)(3)(iv): "A judge may reconsider any hearing or pretrial matter under subparagraph (3) only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."

5. The Court finds that all factual and legal arguments presented by Respondent in the Motion for Reconsideration were considered by the Commissioner. The Commissioner limited the ruling to discovery materials reasonably relevant to the underlying Wyoming litigation. Certain other documents were excluded from production. To the extent the compelled production contains confidential information, the protective order is in place. The Order specifically contemplates cost shifting should production be deemed unduly burdensome or expensive.

6. The Court finds that the Commissioner's order is based upon findings of fact that are not clearly erroneous, not contrary to law, and not an abuse of discretion.

**THEREFORE,** after careful and *de novo* review of the record, BPO Solutions Group Corporation's Motion for Reconsideration of Order Granting in Part Petitioners' Motion to Compel Compliance with Out-Of-State Subpoena to Produce Documents is hereby **DENIED.**

**IT IS SO ORDERED.**

_/s/ **Mary M. Johnston**_
The Honorable Mary M. Johnston